In the Matter of the Application of THE BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK, Relative to Opening ONE HUNDRED AND THIRTY-SIXTH STREET from Amsterdam Avenue to the Boulevard.

ANDREW J. CONNICK, Appellant; THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Municipal corporation — board of street opening of New York — power to lay out new streets without the permission of the common council — fixing the time when the city shall acquire title.*

The board of street opening and improvement of the city of New York is authorized, by section 955 of the Consolidation Act (Chap. 410 of 1882, as amended), to lay out new streets, without the approbation and permission of the common council of the city, granted pursuant to section 94 of that act.

It is provided by the Consolidation Act that, when lands are taken for street purposes upon which there are no buildings, the date when the title is to be acquired shall be fixed and specified, and that where there are buildings upon the lands to be acquired, the time fixed shall be upon a day, not less than six months from the date of the filing of the oaths of the commissioners of estimate and assessment.

FIRST DEPARTMENT, DECEMBER TERM, 1895. [Vol. 91.

The petition in such a proceeding alleged that the petitioners had directed that upon a date to be thereafter more fully specified, not less than six months after the filing of such oaths, the title to every piece of land lying within the lines of the proposed street should be vested in the city of New York, and a similar allegation was inserted in the order appointing the commissioners.

*Held*, that this was a sufficient compliance with the statute.

APPEAL by Andrew J. Connick from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of May, 1895, granting the motion of The Board of Street Opening and Improvement of the City of New York for the appointment of commissioners of estimate and assessment.

*James A. Deering*, for the appellant.

*Henry de Forest Baldwin*, for the respondent.

FOLLETT, J.:

The principal question involved in this appeal is whether "The Board of Street Opening and Improvement" is authorized by section 955 of the Consolidation Act to lay out new streets without the approbation and permission of the common council, granted pursuant to section 94 of that act. Upon this question the reasoning and conclusion of the learned judge at Special Term is satisfactory, and we are quite willing to adopt his opinion on this question.

The learned counsel for the appellant urges that it does not appear in the application for the appointment of commissioners that the corporation counsel had been requested by the board of street opening and improvement to institute these proceedings. At folio 22 of the petition we find the following allegation : " That they (the petitioners) have duly requested the counsel to the corporation to take proceedings in the name of the mayor, aldermen and commonalty of said city to acquire title for the use of the public to the lands required for the opening and extending of 136th street (although not yet named by proper authority) from Amsterdam avenue to the Boulevard, in the 12th ward of the city of New York."

At folio 29 of the petition is the following allegation : " And your petitioners further show that on or about the 2d day of January, 1895, they requested the counsel to the corporation, in writing, to take proceedings in the name of the mayor, aldermen and com-

monalty of the city of New York, to acquire title for the use of the public to the land required for the opening and extending of One Hundred and Thirty-sixth street (although not yet named by proper authority), from Amsterdam avenue to the Boulevard, in the Twelfth ward of the city of New York, and for, that purpose to make application to the Supreme Court in the first judicial district for the appointment of commissioners of estimate and assessment in the manner now provided by law."

These allegations seem to us quite sufficient. It is also urged that the proceedings are irregular because a "fixed or specified time" is not named when the city shall become seized in fee of the lands sought to be acquired. Section 956 of the Consolidation Act, as amended by chapter 660 of the Laws of 1893, provides that, when lands are taken, upon which there are no buildings, the date when the title is to be acquired shall be fixed and specified, but it provides that where there are buildings upon the lands to be acquired, then the time fixed shall be "upon a day not less than six months from the date of the filing of such oath." (Referring to the oaths of the commissioners of estimate and assessment.)

At folio 25 of the petition we find the following allegation : "That they (the petitioners) have accordingly directed that upon a date to be hereafter more fully specified, not less than six months after the filing of the oaths of the Commissioners of Estimate and Assessment who may be appointed by the Supreme Court in proceedings for the acquisition of title to said street, the title to each and every piece or parcel of land lying within the lines of said One Hundred and Thirty-sixth street (although not yet named by proper authority) from Amsterdam avenue to the Boulevard, in Twelfth ward of the city of New York, so to be opened and so required and hereinbefore particularly described and set forth, shall be vested in the mayor, aldermen and commonalty of the city of New York."

At folio 105 the allegation above quoted is inserted in the order appointing commissioners. This seems to be a complete compliance with the provisions of the statute.

The order should be affirmed, with costs

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with costs.